IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.__________

TAYLOR SCHWARTZ AND
JAMES JONES,
On behalf of themselves and those similarly situated,

Plaintiffs,

v.

VALOR TECHNICAL CLEANING, LLC

Defendant.

---

# CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

---

1. Taylor Schwartz (hereinafter, "Schwartz") and James Jones (hereinafter, "Jones"), on behalf of themselves and similarly situated individuals, bring this action against Defendant Valor Technical Cleaning, LLC ("Defendant"). Schwartz and Jones seek appropriate monetary, declaratory, and equitable relief based on Defendants' willful failure to compensate Schwartz and similarly situated individuals overtime wages as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the statutory laws of Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Maine, Michigan, Minnesota, Montana, Nebraska, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Pennsylvania, Rhode Island, South Dakota, Tennessee, Utah, Vermont, Washington, West Virginia, and Wisconsin.

2. Defendant is a biohazard cleaning company that provides technical and biohazard cleanup and restoration services across the United States.

3. Defendant employed Plaintiff and other similarly situated employees as Operations/Travel Technicians ("Technicians").

4. Defendants' Operations/Travel Technicians are employed by Defendants as Technician Trainees ("Trainees") prior to being able to work as Technicians.

5. Defendants have repeatedly and willfully violated the FLSA and the NMMWA by failing to pay Trainees and Technicians 1.5 x their regular rate of pay for all hours in excess of 40 hours in any one workweek.

6. Schwartz and Jones bring this action on behalf of themselves and similarly situated current and former Trainees and Technicians nationwide who elect to opt in pursuant to FLSA, 29 U.S.C. § 216(b) to remedy Defendants' FLSA violations.

7. Schwartz and Jones also bring this action on behalf of themselves and similarly situated current and former Technicians and Trainees, pursuant to Federal Rule of Civil Procedure 23, to remedy violations of the NMMWA, N.M. Stat. Ann. § 50-4-21, *et. Seq*, and other relevant state laws.

## Jurisdiction and Venue

8. Per 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has jurisdiction over Schwartz's FLSA claims.

9. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

10. This Court has general jurisdiction over Defendant because Defendant is a Colorado company with a principal place of business in Colorado.

11. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant resides in this district, and a substantial part of the events giving rise to the claim herein occurred in this district.

## Parties

**Plaintiffs**

**Taylor Schwartz**

12. Plaintiff Schwartz is a resident of New Mexico.

13. Schwartz was an "employee" of the Defendant as defined in the FLSA, Colorado law, and the state laws where he performed work.

14. Schwartz has given written consent to join this action.

**James Jones**

15. Jones is a resident of Texas.

16. Jones was an "employee" of the Defendant as defined in the FLSA, Colorado law, and the state laws where he performed work.

17. Jones has given his written consent to join this action.

**Defendants**

18. Schwartz and Jones seek to hold liable any individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons who act directly or indirectly in the interest of Valor Technical Cleaning, LLC and/or the Valor Technical Cleaning, LLC business and brand in the interest of Valor Technical Cleaning, LLC in relation to any employee. Discovery is likely to reveal the identities of all of the individuals and entities that make up Schwartz's and similarly situated employees' "employer" under the FLSA and state law.

19. Defendant is a Colorado limited liability company authorized to do business under the laws of the state of Colorado, with its principal place of business at 8000 S. Chester Street, Suite 585, Centennial, CO 80112.

20. Upon information and belief, Defendant has locations established across the lower 48 states.

21. Defendant is the entity that appears on Schwartz's and Jones's paystubs for work they completed for Defendant.

22. Upon information and belief, Defendant applies or causes to be applied substantially the same employment policies, practices, and procedures to all Technicians and Trainees at all its locations, including policies, practices, and procedures relating to payment of wages for Technicians and Trainees .

23. Defendant has direct and indirect control of the terms and conditions of Schwartz's and Jones's work and the work of similarly situated employees.

24. At all relevant times, Defendant maintains control, oversight, and direction over Schwartz and Jones and similarly situated Technicians and Trainees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

25. Defendant is an "employer" of Schwartz, Jones, and similarly situated Technicians and Trainees as that term is defined by the FLSA.

26. At all relevant times, Defendant has been and continues to be an "enterprise engaged in commerce" within the meaning of the phrase as used in the FLSA.

27. Defendant's gross revenue exceeds $500,000 per year.

28. Upon information and belief, Defendant owns, operates, and controls other entities and/or corporations that also comprise part of Defendant's enterprise and qualify as "employers" of Schwartz, Jones, and the Technicians and Trainees as that term is defined by the FLSA.

29. Upon information and belief, there are other entities within Defendant's enterprise who qualify as "employers" to a number of members of the putative FLSA collective class.

30. The identities of these additional defendants should be revealed as discovery progresses and can be named at that time.

31. Upon information and belief, there are individuals who also qualify as "employers" of Schwartz, Jones, and the Technicians and Trainees at Defendant as the FLSA defines that term.

32. Upon information and belief, Chief Executive Officer Benn Pitts may qualify as "employers" of Schwartz and the Trainees and Technicians as that term is defined by the FLSA and state law.

33. The identities of these additional defendants should be revealed as discovery progresses and can be named at that time.

## Facts

### Class-wide Factual Allegations

34. During all relevant times, Defendant has provided professional biohazard remediation and technical cleaning services across the United States.

35. Defendant technical cleaning services include unattended death, decomposition, homicide, suicide, hazmat & biohazard, crime scene, hoarding, unattended death, and blood cleanup.

36. Defendant trains its employees to enable them to perform the technical cleaning work that Defendant provides to its customers.

37. Defendant provides technical cleaning services to customers across the country.

38. Schwartz, Jones, and the similarly situated persons they seek to represent, are current and former Technicians and Trainees employed by Defendant outside of the state of Ohio.

39. To provide services across the county, Technicians and Trainees are required to travel away from their home and often spend days at a time at locations away from their home.

40. Technicians and Trainees regularly perform work for Defendant in several states, not just their home state.

**<u>Trainees</u>**

41. During their employment as Trainees, the Trainees are required to shadow and work alongside a Technician employed by Defendant until the Trainee is experienced enough to perform the role of Technician independently.

42. Defendants classify Trainees as "independent contractors" exempt from the overtime requirements of the FLSA.

43. Trainees regularly work in excess of 40 hours per week, sometimes working in excess of eighty hours per week.

44. Trainees are paid $35 per hour for all hours worked, including hours worked over forty in a given workweek.

45. Trainees regularly travelled away from home, either by vehicle or by air, to get to the jobsite they were instructed to report to.

46. Defendant paid Trainees based off of the Trainee's self-reported estimation of the number of hours spent at a jobsite during the pay period.

47. Trainees were not paid for time spent traveling over the road to get to each jobsite.

48. Defendant provides Trainees with a customer address to report to for work.

49. Defendant instructs Trainee as to where and when they should report to jobsites.

50. Defendant's Technician employee instructs Trainees on how to perform the work, and the Trainee must follow those instructions.

51. Defendant provides or pays for the tools, equipment, and materials needed for the work performed by Trainees.

52. Defendant pays for the Trainees travel costs, such as the cost of airplane tickets and lodging.

53. Defendant controls the services Trainees perform for the customers.

54. Trainees are not required to have prior training in technical cleaning, specialized knowledge of technical cleaning, or specialized education.

55. Defendant controls Trainees' working conditions.

56. At all relevant times, Defendant has direct or indirect control over the terms and conditions of the Trainees' work.

57. At all relevant times, Defendant possessed the authority to control the terms and conditions of the Trainees, employment and Defendant exercised that authority.

58. Defendant suffered or permitted Schwartz, Jones, and the Trainees to work.

59. Defendant misclassified Trainees as independent contractors instead of as employees.

60. Defendant failed to pay overtime premiums based on the Trainees "regular rate" as that term is defined by the FLSA and state laws to Schwartz, Jones, and the Trainees.

61. Defendant failed to pay Schwartz, Jones, and the Trainees for all hours worked.

**<u>Technicians</u>**

62. After completing training, employees become Technicians.

63. Defendant classifies Technicians as W2 employees.

64. Technicians regularly work in excess of 40 hours per week, sometimes working in excess of eighty hours per week.

65. Technicians regularly travelled away from home, either by vehicle or by air, to get to the jobsite they were instructed to report to.

66. Defendant did not track the hours Technicians worked at any time prior to January 1, 2025.

67. Defendant did not track the hours Technicians spent travelling over-the-road at any time prior to January 1, 2025.

68. Defendant did not pay overtime premiums based on the Technicians' "regular rate" as that term is defined by the FLSA and state laws for any hours worked over forty in a given workweek at any time prior to January 1, 2025.

69. Beginning on January 1, 2025, Defendant began paying overtime premiums, but the overtime rate was not calculated in accordance with the FLSA or state laws.

70. Since January 1, 2025, have not paid Technicians for all overtime owed because Defendant does not pay Technicians for all compensable time, including time spent traveling by air outside of Monday-Friday from 9:00 a.m. to 5:00 p.m., time spent waiting to be engaged, and time spent completing reports.

71. Defendant provides locations for Technicians to report to for their jobsite.

72. Technicians travel to customer locations, provided to them by Defendant, to evaluate the jobsite.

73. If Defendant is awarded the job by the customer, the Technician performs cleaning and restoration services at the jobsite.

74. Technicians often make trips to local hardware and other supply stores to gather supplies needed for the cleaning and restoration services.

75. Technicians document the work performed and take photographs of the jobsites.

76. Upon completion of the cleaning and restoration job, Technicians are required to upload those documents and photographs to Defendant's software system.

77. Uploading documents and photographs to Defendant's software system requires the Technician to be connected to Wi-Fi and to monitor upload progress.

78. Technicians are paid a set salary, regardless of the number of hours they work each week.

79. In addition to their salary, Defendant pays bonuses for each job completed.

80. The amount of bonus paid to Technicians varies depending on when and where the job is performed.

81. For example, if a jobsite requires a Technician to travel four or more hours away from their home, Defendant pays Technicians a $400 bonus for that job.

82. Prior to January of 2025, Defendant did not have a timeclock system that tracked the hours worked by Trainees and Technicians.

83. All Technicians employed at Defendant over the last three years performed essentially the same job duties.

84. Defendant deprived the Technicians of overtime wages guaranteed to them by the FLSA and state laws.

**Plaintiff Schwartz's Individual Factual Allegations**

85. Defendant hired Schwartz to work as a Trainee in August 2023.

86. As a Trainee, Schwartz was classified as an independent contractor.

87. As a Trainee, Schwartz generally worked a minimum of 60 hours per week.

88. As a Trainee, Schwartz shadowed and worked alongside a Technician employed by Defendant that directed where and when he would work.

89. As a Trainee, Schwartz was required to perform cleaning and restoration in the manner directed by Defendant.

90. As a Trainee, Schwartz was provided with instructions and demonstrations by a Technician regarding how to perform the work he was required to perform.

91. As a Trainee, Defendant directed where and when Schwartz would work.

92. As a Trainee, Schwartz was expected to work alongside one of Defendant's Technicians until he was ready to work independently as a Technician.

93. As a Trainee, Schwartz did not have specialized education, training, or skills in the services provided to Defendant's customers.

94. As a trainee, Schwartz performed the work that Defendant is in the business of providing to its customers.

95. As a Trainee, Schwartz traveled to various worksites all over the United States from his home in Texas and then his home in New Mexico when he moved.

96. As a Trainee, Schwartz was paid $35 per hour for all hours worked at a jobsite regardless of the number of hours he worked.

97. To determine how many hours to pay Schwartz for, Defendant relied on the Technician training him to report the number of hours Schwartz spent working at a jobsite.

98. As a Trainee, Schwartz was not paid for any hours he spent travelling over-the-road.

99. As a Trainee, Defendant paid for Schwartz's travel expenses and meals while working over-the-road but did not pay him for time spent traveling.

100. As a Trainee, Defendant paid Schwartz on a bi-weekly basis by mailing a check to his home address.

101. Schwartz worked as a Technician for Defendant from approximately August 2023 through October 2024.

102. As a Technician, Schwartz traveled to various worksites all over the United States from his home in Texas and then his home in New Mexico when he moved.

103. Schwartz generally worked at least 60 hours per workweek as a Technician.

104. Schwartz's hours worked were not tracked by Defendant in any time keeping system.

105. Defendant paid Schwartz on an annual salary basis of $75,000, which was paid to him on a bi-weekly basis.

106. In addition to his annual salary, Defendant paid Schwartz a "bonus" payment for each job completed.

107. For jobs that required at least 4 hours of travel, Schwartz was paid a $400 "bonus" payment.

108. For jobs that were performed during the company's normal business hours of Monday-Friday, Schwartz was paid a $75 "bonus".

109. Defendant did not compensate Schwartz at the rate of one-half times his "regular rate" for all hours over 40 in any workweek.

110. Part of Schwartz's job required him to upload photographs of the site serviced, which would often require hours of attending to his computer.

111. As a part of Schwartz's job, he was required to remain on-call away from home for extended periods of time while a potential customer decided whether to hire Defendant for a job.

112. Schwartz was expected to be able to respond to calls for a new job within fifteen minutes of receiving notification from Defendant that the job had been scheduled.

113. Defendant failed to pay Schwartz overtime wages as required by law.

**Plaintiff Jones's Individual Factual Allegations**

114. Defendant hired Jones to work as a Trainee in approximately October of 2023.

115. As a Trainee, Jones was classified as an independent contractor.

116. As a Trainee, Jones generally worked a minimum of 60 hours per week.

117. As a Trainee, Jones shadowed and worked alongside a Technician employed by Defendant that directed where and when he would work.

118. As a Trainee, Jones was required to perform cleaning and restoration in the manner directed by Defendant.

119. As a Trainee, Jones was provided with instructions and demonstrations by a Technician regarding how to perform the work he was required to perform.

120. As a Trainee, Defendant directed where and when Jones would work.

121. As a Trainee, Jones was expected to work alongside one of Defendant's Technicians until he was ready to work independently as a Technician.

122. As a Trainee, Jones did not have specialized education, training, or skills in the services provided to Defendant's customers.

123. As a trainee, Jones performed the work that Defendant is in the business of providing to its customers.

124. As a Trainee, Jones traveled to various worksites all over the United States from his home in Kansas.

125. As a Trainee, Jones was paid $35 per hour for all hours worked at a jobsite regardless of the number of hours he worked.

126. To determine how many hours to pay Jones for, Defendant relied on the Technician training him to report the number of hours he spent working at a jobsite.

127. As a Trainee, Jones was not paid for any hours he spent travelling over-the-road.

128. As a Trainee, Defendant paid for Jones' travel expenses and meals while working over-the-road but did not pay him for time spent traveling.

129. As a Trainee, Defendant paid Jones in one lump sum for three weeks of training by mailing a check to his home address.

130. Jones worked as a Technician for Defendant from approximately November 2023 through February 2026.

131. As a Technician, Jones traveled to various worksites all over the United States from his home in Texas.

132. Jones generally worked at least 60 hours per workweek as a Technician.

133. Jones's hours worked were not tracked by Defendant in any time keeping system prior to 2025

134. Beginning in 2025, Defendant began tracking the time worked by Jones and other Technicians, but did not allow them to input the time they spent waiting to be engaged, completing expense reports, uploading documents and pictures from the job, completing job reports, or traveling if the travel was by air and was outside of the hours of 9:00 a.m. to 5:00 p.m. Monday-Friday.

135. Defendant paid Jones on an annual salary basis of $75,000, which was paid to him on a bi-weekly basis.

136. In addition to his annual salary, Defendant paid Jones a "bonus" payment for each job completed.

137. For jobs that required at least 4 hours of travel, Jones was paid a $400 "bonus" payment.

138. For jobs that were performed during the company's normal business hours of Monday-Friday, Jones was paid a $75 "bonus".

139. Defendant did not compensate Jones at the rate of one-half times his "regular rate" for all hours over 40 in any workweek.

140. Part of Jones's job required him to upload photographs of the site serviced, which would often require hours of attending to his computer.

141. As a part of Jones's job, he was required to remain on-call away from home for extended periods of time while a potential customer decided whether to hire Defendant for a job.

142. Jones was expected to respond to calls for a new job within fifteen minutes of receiving notification from Defendant that the job had been scheduled.

143. If Jones was not available to accept a new job when called, he would be subject to disciplinary action.

144. Defendant failed to pay Jones overtime wages as required by law.

## Collective Action Allegations

145. Schwartz and Jones bring the First Count on behalf of themselves and a class of persons consisting of:

> All similarly situated current and former Trainees and Technicians employed by the Defendant during the three years prior to the filing of this Class Action

Complaint and the date of final judgment in this matter, who elect to opt-in to this action (the "Collective").

146. At all relevant times, Schwartz, Jones, and the FLSA Collective have been similarly situated, have had substantially similar job duties, requirements, and pay provisions, and have all been subject to Defendant's decision, policy, plan, practices, procedures, protocols, and rules of willfully refusing to pay Schwartz, Jones, and the FLSA Collective overtime wages for all hours worked in excess of 40 hours in one workweek.

147. At all relevant times, Schwartz, Jones, and the FLSA Collective have been similarly situated, have had substantially similar job duties, requirements, and pay provisions, and have all been subject to Defendant's decision, policy, plan, practices, procedures, protocols, and rules of willfully refusing to pay Schwartz and the FLSA Collective wages at the correct overtime rate for all hours worked in excess of 40 hours in one workweek.

148. Schwartz's and Jones's claims are essentially the same as those of the FLSA Collective.

149. Defendant's unlawful conduct is pursuant to a company policy or practice.

150. Defendant is aware or should have been aware that federal law required them to pay employees overtime wages for all hours worked in excess of 40 hours in one workweek.

151. Defendant's unlawful conduct has been widespread, repeated, and consistent.

152. The First Count is properly brought under and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

153. The FLSA Collective members are readily identifiable and ascertainable.

154. In recognition of the services Schwartz and Jones have rendered and will continue to render to the FLSA Collective, Schwartz and Jones will request payment of a service award upon resolution of this action.

## Class Action Allegations

155. Schwartz and Jones bring the Second Count under Federal Rule of Civil Procedure 23, on behalf of themselves and a class of persons consisting of:

> All current and former Trainees and Technicians employed by Defendant in New Mexico, Colorado, Connecticut, Illinois, Kansas, Kentucky, Maine, Massachusetts, Michigan, Minnesota, Missouri, Montana, Nevada, New Hampshire, New Jersey, New York, North Carolina, North Dakota, Oregon, Pennsylvania, Rhode Island, South Carolina, Vermont, Virginia, Washington, West Virginia, Wisconsin, and Wyoming between the date Defendant began operation to the date of final judgment in this matter (the "Rule 23 Overtime Class").

156. The States of Arizona, Arkansas, New Mexico, Colorado, Connecticut, Illinois, Kansas, Kentucky, Maine, Massachusetts, Michigan, Minnesota, Missouri, Montana, Nevada, New Hampshire, New Jersey, New York, North Carolina, North Dakota, Oregon, Pennsylvania, Rhode Island, South Carolina, Vermont, Virginia, Washington, West Virginia, and Wisconsin have wage laws that require employers to pay non-exempt employees overtime pay.

157. Upon information and belief, Defendant employs Operations/Travel Technicians and Technician Trainees in the states of Arizona, Arkansas, New Mexico, Colorado, Connecticut, Illinois, Kansas, Kentucky, Maine, Massachusetts, Michigan, Minnesota, Missouri, Montana, Nevada, New Hampshire, New Jersey, New York, North Carolina, North Dakota, Oregon, Pennsylvania, Rhode Island, South Carolina, Vermont, Virginia, Washington, West Virginia, and Wisconsin.

158. Excluded from the Rule 23 Overtime Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Classes.

159. The number and identity of the Rule 23 Overtime Class are ascertainable from Defendant's records.

160. The hours assigned and worked, the positions held, the rates of pay, and wages paid for each Rule 23 Overtime Class Member are determinable from Defendant's records.

161. All of the records relevant to the claims of Rule 23 Overtime Class Members should be found in Defendant's records.

162. For the purpose of notice and other purposes related to this action, Rule 23 Overtime Class Members' names and contact information are readily available from Defendant.

163. Notice can be provided by means permissible under Rule 23.

164. The Rule 23 Overtime Class members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

165. Schwartz's and Jones's claims are typical of those claims which could be alleged by any member of the Rule 23 Overtime Class, and the relief sought is typical of the relief which would be sought by each member of the Rule 23 Overtime Class in separate actions.

166. Schwartz, Jones, and the members in the Rule 23 Overtime Class are subject to the same corporate practices of Defendant, as alleged herein, of failing to pay the Trainees and Technicians overtime wages.

167. Schwartz, Jones, and the members in the Rule 23 Overtime Class sustained similar losses, injuries, and damages arising from the same unlawful practices, polices, and procedures.

168. Schwartz and Jones are able to fairly and adequately protect the interests of the Rule 23 Overtime Class and has no interests antagonistic to the members in the Rule 23 Overtime Class.

169. Schwartz and Jones are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

170. A class action is superior to other available procedural methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation on behalf of hourly employees where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

171. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

172. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Schwartz, Jones, and the Rule 23 Class members individually and include, but are not limited to:

a. Whether Schwartz, Jones, and the Rule 23 Overtime Class Members are subject to the same or similar job duties and compensation policies;

b. Whether Schwartz, Jones, and the Rule 23 Overtime Class Members are exempt from state law requirements regarding payment of overtime wages;

c. Whether Schwartz, Jones, and the Rule 23 Overtime Class members are subject to a common policy that did not pay them overtime wages due as required by state wage and hour laws;

d. Whether Defendant's violations are willful;

e. The nature and extent of classwide damages.

173. In recognition of the services Schwartz and Jones have rendered and will continue to render to the Rule 23 Overtime Class, Schwartz and Jones will request payment of a service award upon resolution of this action.

174. Schwartz and Jones bring the Third Count under Federal Rule of Civil Procedure 23, on behalf of himself and a class of persons consisting of:

> All current and former Trainees and Technicians employed by Defendant in Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Maine, Michigan, Minnesota, Montana, Nebraska, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Pennsylvania, Rhode Island, South Dakota, Tennessee, Utah, Vermont, Washington, West Virginia, and Wisconsin during the three years prior to the filing of this Class Action Complaint and the date of final judgment in this matter ("Rule 23 Prompt Pay Class").

175. The States of Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Maine, Michigan, Minnesota, Montana, Nebraska, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Pennsylvania, Rhode Island, South Dakota, Tennessee, Utah, Vermont, Washington, West Virginia, and Wisconsin have wage laws that require employers timely payment of wages due to employees.

176. Upon information and belief, Defendant employs Trainees and Technicians in the states of Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Maine, Michigan, Minnesota, Montana, Nebraska, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Pennsylvania, Rhode Island, South Dakota, Tennessee, Utah, Vermont, Washington, West Virginia, and Wisconsin.

177. Excluded from the Rule 23 Prompt Pay Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Classes.

178. The number and identity of the Rule 23 Prompt Pay Class are ascertainable from Defendant's records.

179. The hours assigned and worked, the positions held, the rates of pay, and wages paid for each Rule 23 Prompt Pay Class Member are determinable from Defendant's records.

180. All of the records relevant to the claims of Rule 23 Prompt Pay Class Members should be found in Defendant's records.

181. For the purpose of notice and other purposes related to this action, Rule 23 Class Members' names and contact information are readily available from Defendant.

182. Notice can be provided by means permissible under Rule 23.

183. The Rule 23 Prompt Pay Class members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

184. Schwartz's and Jones's claims are typical of those claims which could be alleged by any member of the Rule 23 Prompt Pay Class, and the relief sought is typical of the relief which would be sought by each member of the Rule 23 Prompt Pay Class in separate actions.

185. Schwartz, Jones, and the members in the Rule 23 Prompt Pay Class are subject to the same corporate practices of Defendant, as alleged herein, of failing to pay all wages due to the Trainees and Technicians timely.

186. Schwartz, Jones, and the members in the Rule 23 Prompt Pay Class sustained similar losses, injuries, and damages arising from the same unlawful practices, polices, and procedures.

187. Schwartz and Jones are able to fairly and adequately protect the interests of the Rule 23 Prompt Pay Class and has no interests antagonistic to the members in the Rule 23 Prompt Pay Class.

188. Schwartz and Jones are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

189. A class action is superior to other available procedural methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation on behalf of hourly employees where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

190. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

191. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Schwartz, Jones, and the Rule 23 Class members individually and include, but are not limited to:

f. Whether Schwartz, Jones, and the Rule 23 Prompt Pay Class Members are subject to the same or similar job duties and compensation policies;

g. Whether Schwartz, Jones, and the Rule 23 Prompt Pay Class Members are exempt from state law requirements regarding the timely payment of wages;

h. Whether Schwartz, Jones, and the Rule 23 Prompt Pay Class members are subject to a common policy that did not pay them their wages due in a timely manner, as required by state wage and hour laws;

i. Whether failing to pay Schwartz, Jones, and the Rule 23 Prompt Pay Class members all wages due under the FLSA and state wage and hour law resulted in Defendant's failure to pay all wages due in a timely manner;

j. Whether Defendant's violations are willful;

k. The nature and extent of classwide damages.

192. In recognition of the services Schwartz and Jones have rendered and will continue to render to the Rule 23 Prompt Pay Class, Schwartz and Jones will request payment of a service award upon resolution of this action.

193. Schwartz, Jones, and the similarly situated employees he seeks to represent may have additional state law claims based on Defendants pay practices, which will be revealed through discovery. The purpose of this allegation is to put Defendant on notice that Schwartz and Jones and/or opt-in plaintiffs intend to raise any additional state law claims for violations of state wage and hour laws as revealed through discovery pursuant to Federal Rule of Civil Procedure 23.

## Causes of Action

### <u>Count 1</u>
### Failure to Pay Overtime Wages - Fair Labor Standards Act
### (On Behalf of Plaintiff and the FLSA Collective)

194. Plaintiffs restate and incorporates the foregoing allegations as if fully rewritten herein.

195. Plaintiffs and the FLSA Collective are or were non-exempt, hourly employees entitled to receive no less than 1.5x their regular rate of wages for all hours worked in excess of 40 hours in any single workweek.

196. Defendant did not pay Plaintiffs and the FLSA Collective overtime wages for all hours worked in excess of 40 hours per workweek.

197. By the acts and conduct described above, Defendant willfully violated the provisions of the FLSA, and disregarded the rights of Plaintiffs and the FLSA Collective.

198. Plaintiffs and the FLSA Collective have been damaged by Defendant's willful failure to pay overtime wages as required by law.

199. As a result of Defendant's willful violations, Plaintiffs and the FLSA Collective are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees under the FLSA.

**Count 2**
**Failure to Pay Overtime Wages [1]**
**(On Behalf of Plaintiff and the Rule 23 Overtime Class)**

1. Plaintiffs restate and incorporates the following allegations as if fully rewritten herein.

2. Defendant has at all relevant times been an "employer" of Plaintiffs and the Rule 23 Overtime Class.

3. Defendant is required to pay Plaintiff and the Rule 23 Overtime Class time-and-a-half their regular hourly rate for hours worked in excess of 40 per workweek.[2]

4. Defendant failed to pay Plaintiff and the Rule 23 Overtime Class all wages owed.

5. Defendant's conduct and practices, as described herein, are willful and intentional.

---

[1] Arizona: A.A.C. § R2-5A-404; Arkansas: A.C.A. § 11-4-211, *et seq.*; California: Cal Lab Code § 510; Colorado: 7 CCR 1103-1; Connecticut: Conn. Gen. Stat. § 31-76c; Illinois: 56 Ill. Adm. Code 210.420*, et seq.*; Iowa: 11 IAC 53.11; Kansas: K.S.A. § 44-1204; Kentucky: KRS § 337.285; Maine: 26 M.R.S. § 664; Michigan: MCLS § 408.934a; Minnesota: Minn. Stat. § 177.25; Montana: 39-3-405, MCA; Nebraska: Nebraska Admin. Code Title 273, Ch. 8; New Hampshire: RSA 279:21; New Jersey: N.J.A.C. 12:56-6.1; New Mexico: N.M. Stat. Ann. § 50-4-22; New York: 12 NYCRR § 142-2.2; North Carolina: N.C. Gen. Stat. § 95-25.4; North Dakota: N.D. Admin. Code 46-02-07-02; Oklahoma: 74 Okl. St. § 840-2.15; Pennsylvania: 43 P.S. § 333.104; Rhode Island: R.I. Gen. Laws § 28-12-4.1; Vermont: 21 V.S.A. § 384; Washington: Rev. Code Wash. (ARCW) § 49.46.130 ; West Virginia: W. Va. Code § 21-5C-3; and Wisconsin Wis. Stat. § 103.02.

[2] Exceptions to the 40 hours per workweek are: Kansas at 46 hours and Minnesota at 48 hours.

6. Defendant's conduct and practices, as described herein, constitute a continuing course of conduct.

7. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff, and the Rule 23 Class Overtime for unpaid overtime wages, additional damages under state wage and hour laws, costs, reasonable attorneys' fees, and pre-judgment interest.

**Count 3**
**Untimely Payment of Wages[3]**
**(On Behalf of Plaintiff and the Rule 23 Prompt Pay Class)**

8. Plaintiffs restate and incorporates the following allegations as if fully rewritten herein.

9. Defendant has at all relevant times been an "employer" of Plaintiffs and the Rule 23 Prompt Pay Class.

10. Arizona, Arkansas, Colorado, Connecticut, Illinois, Kansas, Kentucky, Maine, Massachusetts, Michigan, Minnesota, Missouri, Montana, Nevada, New Hampshire, New Jersey, New York, North Carolina, North Dakota, Oregon, Pennsylvania, Rhode Island, South Carolina, Vermont, Virginia, West Virginia, and Wisconsin law requires that employers pay wages in full to their employees on regular paydays.

11. By reason of the acts alleged herein, Defendant failed to timely pay all wages due to Plaintiffs and the Rule 23 Class.

---

[3] Arizona: A.R.S. § 23-353; Arkansas: A.C.A. § 11-4-405; California: Cal Lab Code § 204; Colorado: C.R.S. 8-4-109; Connecticut: Conn. Gen. Stat. § 31-71b, *et. seq.*; Delaware: 19 Del. C. § 1102; Georgia: O.C.G.A. § 34-7-2; Idaho: Idaho Code § 45-608; Illinois: 820 ILCS 115/4; Indiana: Burns Ind. Code Ann. § 22-2-5-1; Iowa: Iowa Code § 91A.3; Kansas: K.S.A. § 44-315; Kentucky: KRS § 337.020; Maine: 26 M.R.S. § 621-A; Michigan: MCLS § 408.472; Minnesota: Minn. Stat. § 181.101; Montana: 39-3-204, MCA; Nebraska: R.R.S. Neb. § 48-1231; New Hampshire: RSA 275:43; New Jersey: N.J. Stat. § 34:11-4.2; New York: NY CLS Labor § 191; North Carolina: N.C. Gen. Stat. § 95-25.6; North Dakota: N.D. Cent. Code, § 34-14-02; Oklahoma: 40 Okl. St. § 165.2; Pennsylvania: 43 P.S. § 260.3; Rhode Island: R.I. Gen. Laws § 28-14-2; South Dakota: S.D. Codified Laws § 60-11-9; Tennessee: Tenn. Code Ann. § 50-2-103; Utah: Utah Code Ann. § 34-28-3; Vermont: 21 V.S.A. § 342; West Virginia: W. Va. Code § 21-5-3; and Wisconsin: Wis. Stat. § 109.03.

12. Defendant's conduct and practices, as described herein, constitute a continuing course of conduct.

13. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and the Rule 23 Class for unpaid wages, additional damages in an amount equal to twice the unpaid or underpaid wages, costs, reasonable attorneys' fees, and pre-judgment interest.

**WHEREFORE**, Plaintiff Taylor Schwartz and James Jones pray for all of the following relief:

A. Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Schwartz, Jones, and their counsel to represent the collective action members.

B. Unpaid wages and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations.

C. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

D. Designation of Schwartz and Jones as representatives of the Rule 23 Prompt Pay Class and of the Rule 23 Overtime Class, and counsel of record as Class Counsel.

E. Declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act.

F. An award of unpaid overtime wages and untimely paid wages due under the FLSA, and similar state wage and hour laws.

G. Liquidated damages and other damages due under the FLSA and state wage and hour laws.

H. An award of prejudgment and post-judgment interest.

I. An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees.

J. Such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

*/s/ Emily Hubbard*
Andrew R. Biller
Andrew P. Kimble
Emily A. Hubbard
Laura E. Farmwald
BILLER & KIMBLE, LLC
8044 Montgomery Road, Suite 515
Cincinnati, OH 45236
513-202-0710 (Phone)
614-340-4620 (Fax)
*abiller@billerkimble.com*
*akimble@billerkimble.com*
*ehubbard@billerkimble.com*
*lfarmwald@billerkimble.com*

www.billerkimble.com

*Counsel for Plaintiff and the putative class*

## JURY DEMAND

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

*/s/ Emily Hubbard*
Emily Hubbard