IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-00673-PAB-TPO

TAYLOR SCHWARTZ, and
JAMES JONES, on behalf of themselves and those similarly situated,

Plaintiffs,

v.

VALOR TECHNICAL CLEANING, LLC,

Defendant.

---

**ORDER**

---

This matter comes before the Court on plaintiffs' Unopposed Motion for Conditional Certification of a FLSA Collective Action [Docket No. 28]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND[1]

Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and other applicable state laws to recover unpaid overtime compensation on their own behalf and on behalf of all other current and former employees of Valor Technical Cleaning, LLC ("Valor") whom Valor employed as either travel technicians ("Technicians") or technician trainees ("Trainees") during the three years prior to filing. Docket No. 1 at 1-2, 14-15, ¶¶ 1, 3-4, 6, 145.

---

[1] At the class certification stage, the court accepts the substantive, non-conclusory allegations of the complaint as true. *Vallario v. Vandehey*, 554 F.3d 1259, 1265 (10th Cir. 2009).

Defendant provides biohazard remediation and other technical cleaning services across the United States. *Id.* at 5, ¶¶ 34-35. Defendant calls the individuals conducting the cleaning services "Technicians" and classifies them as W-2 employees. *Id.* at 2, 8, ¶¶ 3, 63. Defendant directs the Technicians where to report for work. *Id.* at 8, ¶ 71. Those locations are not limited to Technicians' "home state." *Id.* at 6, ¶ 40. Accordingly, once directed, Technicians "are required to travel away from their home," either "by vehicle or by air," and "often spend days at a time at [those] locations." *Id.* at 6, 8, ¶¶ 39, 65. In addition, "Technicians often make trips to local hardware and other supply stores to gather supplies needed for the cleaning and restoration services." *Id.* at 9, ¶ 74. Defendant pays Technicians "a set salary, regardless of the number of hours they work each week," as well as a "bonus . . . depending on when and where the job is performed." *Id.*, ¶¶ 78, 80-81. Valor employed plaintiffs Schwartz and Jones as Technicians from approximately August 2023 to October 2024 and approximately November 2023 to February 2026, respectively. *Id.* at 11, 13, ¶¶ 101, 130.

Prospective Technicians "are required to shadow and work alongside a Technician" until the employee "is experienced enough to perform the role . . . independently." *Id.* at 6, ¶ 41. Defendant calls these individuals "Trainees" and classifies them as independent contractors, exempt from the overtime requirements of the FLSA. *Id.* at 2, 6, ¶¶ 4, 42. While shadowing Technicians, Trainees must likewise travel to the directed customer locations. *Id.* at 6, ¶ 45. Defendant provides the "materials needed for the work performed by Trainees." *Id.* at 7, ¶ 51. Defendant pays Trainees $35 per hour for all hours worked based on a "self-reported estimation of the number of hours spent at a jobsite during the pay period." *Id.* at 6, ¶¶ 44, 46. Valor

employed plaintiffs Schwartz and Jones as Trainees in August 2023 and October 2023, respectively. *Id.* at 9, 12, ¶¶ 85, 114.

Plaintiffs allege that Valor failed to properly compensate both Trainees and Technicians for their time. Defendant allegedly failed to compensate them for "time spent traveling" to and from each jobsite (time defendant allegedly did not track until January 1, 2025), "time spent waiting to be engaged, and time spent completing reports." *Id.* at 6, 8, ¶¶ 47, 67, 70. Defendant allegedly did not pay for this accrued time as either normal wages or overtime payments mandated by federal and state laws. *Id.* at 7-9, ¶¶ 60-61, 68-70, 84.

On February 19, 2026, plaintiffs filed their complaint. *See generally id.* Plaintiffs bring a claim for violation of FLSA, which they style as a collective action pursuant to 29 U.S.C. § 216(b). *Id.* at 2, ¶ 6. On July 2, 2026, plaintiffs filed, and defendant did not oppose, the present motion, requesting that the Court conditionally certify the FLSA collective action and approve their proposed Notice of Collective Action, proposed consent form, and proposed opt-in procedure. *See generally* Docket Nos. 28, 28-1.

## II. LEGAL STANDARD

### A. <u>Conditional Certification</u>

Title 29 U.S.C. § 216(b) of the FLSA provides in pertinent part:

> Any employer who violates the provisions of . . . section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages . . . . An action to recover the liability prescribed in [section 207] may be maintained against any employer . . . in any Federal . . . court of competent jurisdiction by any one or more employees *for and in behalf of himself or themselves and other employees similarly situated*.

29 U.S.C. § 216(b) (emphasis added). There is a two-step approach for determining whether plaintiffs are "similarly situated" for purposes of FLSA collective action

certification. *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001). A court's initial certification comes at the notice stage, where the court determines whether plaintiffs are similarly situated for purposes of sending notice to putative collective members. *Id.* at 1102. Plaintiffs are required to provide "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* This is a "lenient" standard, *Baldozier v. Am. Family Mut. Ins. Co.*, 375 F. Supp. 2d 1089, 1092 (D. Colo. 2005), "which typically results in conditional certification of a representative class." *Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007). The second step, which comes at the conclusion of discovery, applies a stricter standard of "similarly situated," including application of at least four factors to determine whether the case can proceed as a collective action. *See Thiessen*, 267 F.3d at 1102-03.

**B. <u>Notice to Conditional Collective</u>**

Once the court concludes that conditional certification of an FLSA collective action is appropriate, the court may authorize plaintiff to disseminate a proper notice and an opt-in consent form to putative collective members. *Hoffmann-LaRoche Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989); *see also* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). The court has broad discretion regarding the details of the notice sent to potential opt-in plaintiffs. *Hoffmann-LaRoche*, 493 U.S. at 171. "The overarching policies of the FLSA's collective suit provisions require that the proposed notice provide accurate and timely notice concerning the pendency of the collective action, so that [potential plaintiffs] can make informed decisions about whether to participate." *Whitehorn v. Wolfgang's*

*Steakhouse, Inc.*, 767 F. Supp. 2d 445, 450 (S.D.N.Y. 2011) (internal quotation marks and citations omitted).

## III. ANALYSIS

### A. Conditional Certification

Plaintiffs move to conditionally certify a collective comprised of "current and former non-Ohio-based Technicians and . . . Trainees alleged to have been employed by [Valor] in states other than Ohio from February 19, 2023, through [May 22, 2026]."[2] Docket No. 28 at 1.

The Court finds that plaintiffs have provided substantial allegations that the putative collective members are similarly situated for purposes of first-step certification. *See Thiessen*, 267 F.3d at 1102-03. Plaintiffs claim that defendant failed to compensate both Technicians and Trainees for time spent working for defendant outside of cleaning hours, whether that was for time spent traveling, waiting to be engaged, or completing reports. Docket No. 1 at 6, 8, ¶¶ 47, 70. Plaintiffs also allege that Valor applied the "same employment policies, practices, and procedures to all Technicians and Trainees at all its locations," including those policies "relating to payment." *Id.* at 4, ¶ 22. Plaintiffs claim that all Technicians "performed essentially the same job duties" and that every Technician begins as a Trainee. *See id.* at 2, 7, 9, ¶¶ 4, 62, 83. "Generally, where putative class members are employed in similar positions, the allegation that defendants engaged in a pattern or practice of not paying overtime is sufficient to allege that plaintiffs were together the victims of a single decision, policy or

[2] Specifically, the motion references "the date of the filing of this Stipulation." Docket No. 28 at 1. The parties filed the stipulation on May 22, 2026. *See generally* Docket No. 23.

plan." *Renfro*, 243 F.R.D. at 433-34. Accordingly, the Court will conditionally certify a collective action consisting of the current and former non-Ohio-based Technicians and Trainees alleged to have been employed by defendant in states other than Ohio from February 19, 2023, through May 22, 2026.

**B. Notice to Conditional Collective**

The Court finds that the proposed notice generally contains the necessary information. The notice informs putative collective members of the parties involved, the parties' general allegations, information about the collective action designation, and how to opt in. *See* Docket No. 28-1 at 7-10. In addition, the notice provides that opt-in plaintiffs must return consent forms to plaintiffs' counsel within 60 days from the date of mailing of the notice. *Id.* at 9-10.

Still, there are elements of the notice that appear likely to confuse potential collective action members.

In general, the notice frequently refers to a singular "Plaintiff" when the caption reflects that there are two plaintiffs. The case caption on the first page of the notice should read "Civil Action No. 1:26-cv-00673-PAB-TPO." *See id.* at 7. Below the words "A Federal Court authorized this Notice" on the first page is the Ohio case's name and case number. *Id.* That should be deleted. The information in capital letters following "To:" on the first page contains numerous differences from how the parties defined the purported collective in the stipulation, most notably representing the beginning date as December 19, 2023, as opposed to February 19, 2023. *Compare id.*, *with id.* at 2.

Under the heading "2. WHAT IS THIS CASE ABOUT?" on the second page, the notice states that "Plaintiff therefore seeks payment of alleged unpaid overtime, in addition to other relief, including double damages, attorneys' fees, and costs for all

Ohio-based Trainees and Technicians." *Id*. at 8. That sentence should say "for all *non-*Ohio-based Trainees and Technicians." The table under the heading "3. WHAT ARE MY OPTIONS?" discusses what happens "[i]f the *workers* later receive money or other benefits." *See id.* at 8-9 (emphasis added). Since the proposed collective includes former employees, the term "workers" is vague and should be replaced by "party Plaintiffs" or a comparable term.

Additionally, both the motion and stipulation represent that the parties "agree to meet and confer" regarding how to treat consent forms received after the 60-day opt-in period. *See* Docket No. 28 at 3, ¶ 5; Docket No. 28-1 at 4, ¶ 5. The notice states that "[i]f your consent form is not postmarked/received by [sixty days from date notice is sent], you *may* be prohibited from participating in this lawsuit." Docket No. 28-1 at 10 (emphasis added). The Court encourages the parties to meet and confer in advance of distributing the notice so that potential opt-ins know the precise consequence of failing to return the form within the consent window.

The notice contains text that is either bracketed or blank. *See, e.g.*, *id.* at 7, 9-10. Counsel should complete those sections.

The Court will approve the notice subject to plaintiffs making the revisions listed.

The consent form contains similar errors. The case caption is for the United States District Court for the Southern District of Ohio, omits "PAB" from the case number, does not identify the defendant as an LLC, and says "plaintiff" instead of "plaintiffs" and "defendants" instead of "defendant." *See id.* at 11. The Court will approve the Consent subject to plaintiffs making the revisions listed.

Finally, the parties stipulate that

> Within 14 days of the Court's entry of an Order approving the Parties' Notice, Defendant shall provide to Plaintiffs' counsel and a mutually agreeable third-party administrator ("TPA"), the names, last known home addresses (including zip code), and last known personal email addresses of the Potential Opt-Ins if available. The TPA will (a) mail (via First Class U.S. Mail) the form attached here as Exhibit A, and (b) email (if email addresses are available) in the form attached here as Exhibit B, to the Potential Opt-Ins within 14 days of receiving the list. The Potential Opt-Ins shall have 60 days from the date the Notice is sent to return their Consent to Join form and opt-in to this case.

Docket No. 28 at 2-3, ¶ 4; *see also* Docket No. 28-1 at 3-4, ¶ 4.

The Court will approve this procedure and will order the parties to comply with it.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Plaintiffs' Unopposed Motion for Conditional Certification of a FLSA Collective Action [Docket No. 28] is **GRANTED in part**. It is further

**ORDERED** that this action shall be conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b). The collective members are defined as follows:

> All current and former non-Ohio-based Technicians and Technician Trainees alleged to have been employed by Valor Technical Cleaning, LLC in states other than Ohio from February 19, 2023, through May 22, 2026.

It is further

**ORDERED** that the proposed Notice [Docket No. 28-1 at 7-10] and proposed consent form [Docket No. 28-1 at 11] are approved subject to plaintiffs making the revisions discussed herein. It is further

**ORDERED** that the parties shall comply with the opt-in procedure [Docket No. 28 at 2-3, ¶ 4].

DATED October 29, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge